## SARAH B. OWEN *vs.* DAVID D. FIELD.

An owner of land may at any time revoke his oral license to lay an aqueduct through the same; and after doing so he will not be restrained in equity from cutting off the aqueduct.

If one who claims a right to lay an aqueduct across the land of another will derive no benefit from the exercise of his right, a court of equity will not interfere to aid him in the assertion of it.

BILL IN EQUITY setting forth that the plaintiff was the owner of certain springs, with a right to conduct the water from the same in a certain course across certain lands of the defendant, to her house, and that the defendant had dug up the aqueduct and prohibited her from laying the same down again upon his land; and also that she had the right to conduct said water in a certain other course across other lands of the defendant, to her house, and that the defendant had threatened to prevent her from so conducting the same. The prayer was that the court would order the defendant to restore the aqueduct taken up by him, or permit the plaintiff to do so, and to restrain him from interfering therewith, and also to enjoin him not to prevent her from laying an acqueduct across the other lands mentioned in the bill; and for other relief.

The answer denied the plaintiff's title and right as alleged, and denied her right to equitable relief.

The case was referred to a master, and the facts reported by him are sufficiently stated in the opinion.

*I. Sumner & M. Wilcox,* (*H. L. Dawes* with them,) for the plaintiff.

*J. E. Field,* (*H. J. Dunham* with him,) for the defendant.

HOAR, J. The plaintiff seeks the aid of this court as a court of equity for the protection of her rights to the use of water, which she alleges have been infringed by the defendant in twc modes.

First, she asks that he may be restrained by injunction from cutting off the aqueduct by which she has been conveying water to her house, across the Williams lot, from the springs on the

Hull lot, which springs she claims as her property. But it appears in proof that her only right to maintain an aqueduct across the Williams lot is derived from a license from the defendant, which he has revoked. She has therefore no title to relief upon this part of the case.

Secondly, she asks that the defendant may be restrained from resisting, as he has asserted the intention to do, the exercise of her alleged right to lay another aqueduct, and take the water of the springs through it to her house across other lands of the defendant, known as the Brown lot and lane.

Without determining the validity or extent of the title which she asserts, we are of opinion that she has failed to establish a right to relief in equity.

The ground on which the equitable remedy is sought is this : that to prevent her from carrying a supply of water to her house is the disturbance of an easement, and occasions irreparable mischief. But she has failed to show that, if she were permitted by the defendant to exercise the right which she claims without obstruction, she has any such right to continue the aqueduct to her own land as would enable her to bring the water to her house, or give her any beneficial enjoyment of it. Between the end of the Brown lane and her land the only available passage for the aqueduct would be along a highway, bounded on one side by land of the defendant, and on the other by land of Byington. There is no evidence that she has any power or authority to continue the aqueduct from Brown's lane along this highway, or otherwise to her own land. It does not therefore appear that anything which the defendant threatens to do would make it more impracticable for her to conduct the water to her house than it would be if he made no objection to it; and there is no sufficient occasion for the application of the extraordinary powers of a court of equity.

*Bill dismissed with costs.*